UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CORY GILMORE,

                Petitioner,

      v.                                  Case No. 01-C-115

DANIEL BERTRAND,

                Respondent.

## ORDER

Cory Gilmore ("Gilmore") is incarcerated pursuant to a state court judgment and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition was originally filed on January 31, 2001. Judge J.P. Stadtmueller screened the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition. On April 20, 2001, the respondent answered the petition.

On May 15, 2001, Judge Stadtmueller granted the petition but stayed execution for 120 days, instructing the respondent to release Gilmore at the end of that period unless the state reinstated Gilmore's direct appellate rights and appointed him with counsel. The same day, Judge Stadtmueller transferred this case to this court in light of all parties having previously consented to the full jurisdiction of a magistrate judge.

This court subsequently extended the stay and Gilmore moved for reconsideration. Upon the court being informed by the respondent that the Wisconsin Court of Appeals reinstated Gilmore's appellate rights, on October 5, 2001, the court denied Gilmore's motion for reconsideration, ordered that the writ would not issue, and dismissed the petition. Judgment was entered accordingly.

Gilmore moved for relief from this order and requested that the matter be heard by Judge Stadtmueller. On November 30, 2001, Judge Stadtmueller denied Gilmore's motion for relief but did grant Gilmore's request for a certificate of appealability. In a decision dated August 21, 2002, the Court of Appeals affirmed this court's dismissal of Gilmore's petition. Gilmore v. Bertrand, 301 F.3d 581 (7th Cir. Wis. 2002) (per curiam).

Gilmore then began his first of what would be four separate challenges to his conviction and sentence in state court. His direct appellate rights having been reinstated by order of Judge Stadtmueller, counsel was appointed for Gilmore. Gilmore's appointed appellate counsel determined that Gilmore lacked any meritorious issues for appeal and therefore filed a no-merit report in accordance with Anders v. California, 386 U.S. 738, (1967). See also McCoy v. Court of Appeals, Dist. 1, 486 U.S. 429 (1988). Gilmore responded to this no-merit report and the court of appeals relieved his appellate counsel of further representation and affirmed his conviction, finding that Gilmore lacked any potentially meritorious appellate issue. The Wisconsin Supreme Court denied review on February 24, 2004.

Gilmore then filed a motion for post-conviction relief in the circuit court on February 10, 2005. This motion was denied on February 22, 2005. The court of appeals affirmed the circuit court in a decision dated July 18, 2006. The court stated that Gilmore was procedurally barred under the state court rule set forth in State v. Escalona-Naranjo, 185 Wis. 2d 168, 181-82, 517 N.W.2d 157 (1994), because he did not raise his claims for relief in his response to counsel's no-merit report on direct appeal. On August 31, 2006, the Wisconsin Supreme Court denied review.

On August 31, 2006, Gilmore filed a petition for a writ of habeas corpus in state court. This petition was denied on September 12, 2006 and on January 9, 2006, the Wisconsin Supreme Court denied review.

Finally, on September 6, 2005, Gilmore filed a motion for sentence modification in the circuit court. This was denied on September 23, 2005. In a decision dated September 24, 2007, the court of appeals affirmed the circuit court. The court stated that the issues raised by Gilmore were either previously rejected by the court or were not new factors sufficient to warrant re-sentencing. On February 22, 2008, the Wisconsin Supreme Court denied review.

On May 12, 2008, Gilmore filed a "Motion for Relief from Judgment" pursuant to Federal Rule of Civil Procedure 60(b). Specifically, Gilmore argues that he did not receive the relief ordered in Judge Stadtmueller's May 15, 2001 order because his appointed counsel filed a no-merit report.

Although the Seventh Circuit has held that a district court retains jurisdiction to determine whether or not its conditional order has been complied with, see Phifer v. Warden, United States Penitentiary, 53 F.3d 859, 861 (7th Cir. 1995), the court finds the issue raised by Gilmore to be distinguishable from that presented in Phifer. Judge Stadtmueller ordered the reinstatement of his direct appellate rights in state court and the record is clear that Gilmore received this relief. Therefore, this court dismissed Gilmore's federal petition and judgment was entered accordingly. This terminated the federal court's jurisdiction in this matter. Unlike the district court in Phifer, this court has already previously determined that the respondent complied with Judge Stadtmueller's conditional order, a conclusion that the Seventh Circuit affirmed on appeal. Gilmore, 301 F.3d at 583 ("Mr. Gilmore's right to pursue a direct appeal has been reinstated in the Wisconsin Court of Appeals, and the constitutional violation of which he complains has been cured. The court therefore correctly dismissed his petition.").

Rather than arguing that the respondent did not comply with the conditional order, what Gilmore is actually arguing that upon the reinstatement of his appellate rights, he was again denied the effective assistance of appellate counsel. In other words, Gilmore did not just want a right to

appeal; he wanted to succeed on appeal, or at least have counsel make an attempt in that direction. Instead, counsel said his appeal was without merit. Although based upon the same general ground relied upon in his first petition, this subsequent claim is factually distinct from the issues raised in his first petition. Therefore, because the present case is distinguishable from Phifer, it is the conclusion of this court that the proper avenue for the petitioner in the present case to raise his claim for relief is a second habeas petition, the approach taken by the district court in Phifer but rejected by the Seventh Circuit.

Therefore, the court shall deny Gilmore's motion. To obtain the relief he requests, Gilmore is required to file a new habeas petition, which shall be reviewed anew like any other § 2254 petition. Because a second petition raising the claim that the appellate counsel he received following the reinstatement of his appellate rights was ineffective is a factually distinct claim that has not been previously presented in a federal habeas petition, Gilmore does not require leave of the Court of Appeals to file a second petition. See 28 U.S.C. § 2244(a).

**IT IS THEREFORE ORDERED** that Gilmore's "Motion for Relief from Judgment," (Docket No. 40), is **denied**.

Dated at Milwaukee, Wisconsin this 28th day of May 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
